UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ELISHIA L. HUDSON,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.

CASE NO. 3:25-cv-05241-GJL

ORDER ON MOTION FOR
ATTORNEY FEES AND
EXPENSES

Pending before the Court is Plaintiff Elishia L. Hudson's Motion for Attorney Fees and Expenses ("Motion") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. 22. In the Motion, Plaintiff requests $10,914.40 in attorney fees and $9.65 in expenses. *Id*. Plaintiff requests an additional award of $1,033.84 to compensate the time spent replying to the Motion. *See* Dkt. 27 at 4. The Commissioner acknowledges that Plaintiff is the prevailing party but objects to the Motion, arguing the Court should reduce Plaintiff's fee request because the amount sought is unreasonable. Dkt. 25. As explained below, the Court agrees that a fee reduction is warranted, and thereby **GRANTS in part** and **DENIES in part** Plaintiff's Motion. Dkt. 22.

ORDER ON MOTION FOR ATTORNEY FEES AND EXPENSES - 1

# I.    LEGAL STANDARD

Under EAJA, the Court awards fees and expenses to a prevailing party in a suit against the government unless it concludes the position of the government was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The parties do not dispute that Plaintiff is the prevailing party here, and there are no special circumstances that would make an award unjust. As noted above, however, the parties do dispute the reasonableness of the fees requested by Plaintiff.

The Court may award EAJA fees for attorney hours reasonably expended by a plaintiff's counsel. 28 U.S.C. § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Further, in determining whether the hours expended were reasonable, the Court will consider: (1) awards in similar cases; and (2) the novelty and difficulty of the questions involved in the case. *See Hensley*, 461 U.S. at 429–30 n.3; *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from the fee award. *Hensley*, 461 U.S. at 434. The Court may also reduce hours that are billed in a block format, "because block billing makes it more difficult to determine how much time was spent on particular activities." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (citations omitted).

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley*, 461 U.S. at 437. "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district

ORDER ON MOTION FOR ATTORNEY FEES AND EXPENSES - 2

court challenging the accuracy and reasonableness of the hours charged." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted).

**II.    DISCUSSION**

The Commissioner gives several reasons for challenging the reasonableness of the fee award Plaintiff requests through her attorney, Eitan Kassel Yanich. The Court will discuss these reasons in turn.

**A.    Counsel's Insufficiently Developed Arguments and Unreasonable Summaries of Medical Records Justify a Fee Reduction**

The Commissioner argues that Counsel's briefing contained underdeveloped arguments and unnecessary summaries of medical evidence that were in violation of the Court's Scheduling Order. Dkt. 25 at 3–6. In support, the Commissioner points out the Court's criticism of the briefing in its Order reversing the Commissioner's decision. Dkt. 20 at 5 n.3. In its Order, the Court declined to assess a portion of the medical evidence summarized by Plaintiff in the Opening Brief because Counsel had "summarize[d] some of the rest of the medical evidence but fail[ed] to raise any argument in doing so." *Id*. Further, the Court found that Counsel described the medical opinion of Shirley Deem, MD, and made some assertions about the opinion, but held those assertions were "not an argument challenging the ALJ's assessment of Dr. Deem's opinion." *Id*.

The Commissioner also points out that the pages of summaries Counsel did provide were not only unavailing for Plaintiff's appeal (*see* Dkt. 16 at 8–11), but also were specifically prohibited by the Court's Scheduling Order (Dkt. 12 at 2 ("Plaintiff should not set forth a separate lengthy recitation of background facts or medical evidence.")). The Commissioner points to several previous occasions in which the Court has admonished Counsel regarding such

deficiencies in his briefing. *See* Dkt. 25 at 5 (citing *Kreig v. Colvin*, No. 3:15-cv-5478-JPD, Dkt. 23 (W.D. Wash. September 12, 2016) (reducing Counsel's fees by 20% for duplicating effort and drafting unnecessary testimony portion of the opening brief); *Petersen v. Colvin*, No. 3:15-cv-5349-RLS, Dkt. 33 (W.D. Wash. July 6, 2016) (reducing Counsel's fees by 35% for spending excessive hours on the opening brief); *Stearns v. Colvin*, No. 3:15-cv-5611-JRC, 2016 WL 730301 (W.D. Wash. February 24, 2016) (reducing Counsel's fees by almost 22% for spending excessive and unreasonable hours on the opening brief); *Moncrief v. Berryhill*, No. 2:15-cv-01567-BAT, Dkt. 35 (W.D. Wash. March 27, 2017) (30% reduction in Counsel's requested fee); *but see Estacio v. Colvin*, No. 3:15-cv-05717, Dkt. 22 (W.D. Wash. November 1, 2016) (granting all the request fees)). In the Reply, Counsel accuses the Commissioner of "selectively cit[ing]" these cases without acknowledging the "*hundreds*" of cases where the full requested EAJA fee was approved. Dkt. 26 at 3.

Finally, the Commissioner asserts a 25 percent across-the-board fee reduction is warranted because Counsel's "block billing makes it impossible to determine what hours were spent summarizing the medical evidence the Court declined to consider versus the more sufficiently developed opinion evidence and subjective testimony evaluation arguments." Dkt. 25 at 5–6 (citing *Joseph L. S.C. v. Comm'r of Soc. Sec.*, No. 3:23-cv-05246-SKV, 2024 WL 4469349, at *3 ("Mr. Yanich's time records make it impossible to pin-point specific sources of excessive time"), *aff'd St. Charles v. Bisignano*, No. 24-7392, 2026 WL 323715 (9th Cir. Feb. 6, 2026); *Lang v. Saul*, No. 1:18-cv-01605-SKO, 2020 WL 4339496, at *6 (E.D. Cal. July 28, 2020) ("[g]iven the block billing and overbilling that occurred," the court exercised its discretion to reduce the reported time)). In the Reply, Counsel counters that "[b]rief writing is a continuous

ORDER ON MOTION FOR ATTORNEY FEES AND EXPENSES - 4

process . . . [and] i[t] is unclear what the purpose is of attempting to break this time down into granular detail." Dkt. 26 at 4.

While the Commissioner here cites to four cases in support of its argument, *see* Dkt. 25 at 5, the Court is aware of several additional occasions in which Counsel has also been admonished for briefing deficiency. *See Joseph L. S.C.*, 2024 WL 4469349, at *1 n.1 (citing cases).

**B.      Counsel's Fee Request is More Than 50% Above An Average Request for Billing and Counsel's Briefing Was Less Clear than Briefing Filed by Other Parties on the Same Issues in Separate Cases Submitted to the Appeals Council**

The Commissioner argues the fee award requested by Plaintiff is unreasonable given that, if it was granted, the award would be "well above the amount of an average EAJA award, both nationally and in the Western District of Washington." *See* Dkt. 25 at 6–8. The Commissioner asks the Court to take judicial notice of the Administrative Conference of the United States' ("ACUS") searchable database that tracks EAJA fee awards and other expenses. *Id.* at 6–7. A snapshot of the previous six fiscal years indicates that Counsel's requested fee award of $10,914.40 is indeed at least double the average EAJA award. *See id.* at 7. However, in the Reply, Counsel argues the Court should not give weight to the Commissioner's citation to the ACUS database because it is based on raw data that is not verified. Dkt. 26 at 5.

Here, the Commissioner additionally points out that Counsel also represented Plaintiff at the administrative level and submitted a letter to the Appeals Council in support of a request for review of the ALJ's decision. AR 357–61. The Commissioner argues that Counsel's prior submission to the Appeals Council made clear arguments, as opposed to the less clear Opening Brief presented here. *Compare* Dkt. 16 *with* AR 357–61. The Commissioner urges that these differences, coupled with size of the administrative record with which Counsel was familiar,

ORDER ON MOTION FOR ATTORNEY FEES AND EXPENSES - 5

make Plaintiff's high award request for work previously completed, in part, on the Opening Brief even more unreasonable. Dkt. 25 at 7–8. While Counsel attempts in the Reply to distinguish between the nature of the letter he submitted to the Appeals Council versus the Opening Brief, he does not acknowledge the familiarity with the case that counsel must possess to take on both tasks, and especially how such familiarity would affect the fee request for the Opening Brief, a document he clearly drafted after the letter. Dkt. 26 at 6.

**C.      The Issues Were Not Novel or Complex, and Counsel's Arguments Were Routine**

The Commissioner contends that Counsel's above-average fee request is not warranted because he failed to raise issues that were complex or novel. The Court agrees. Here, the Administrative Record is not unusually large (nearly 2,500 pages) and the issues raised were not overly complex. *See* Dkts. 11, 16. In a Declaration in support of the Reply, Counsel asserts he outsourced the first draft of the Opening Brief to his brother and Mr. Yanich himself then took an additional 7.1 hours to "draft arguments and carefully edit the brief." Dkt. 27 at 2. Overall, these two attorneys spent a collective 33.3 hours drafting the Opening Brief, a demonstrably excessive amount of time compared to the 17.9 average number of hours attorneys spend drafting an opening brief in this District. Dkt. 22-2 at 1; *See, e.g.*, *Yong v. Comm'r of Social Sec.*, No. 3:20-cv-05493-DWC, 2021 WL 4244506, at *2 (W.D. Wash. Sep. 17, 2021) (collecting cases and finding that an average length of time to expend on an opening brief in this district is 17.9 hours); *see also Robinson v. Berryhill*, No. 3:16-cv-06002-JRC, 2018 WL 2441747 (W.D. Wash. May 31, 2018) (decreasing Mr. Yanich's fees based on his inclusion of unnecessary factual summaries in the opening brief); *Morton v. Comm'r of Social Sec.*, No. 2:17-cv-01703-DWC, 2019 WL 215289 (W.D. Wash. Jan. 16, 2019) (decreasing Mr. Yanich's fees based in part on his inclusion of an unnecessary summary of the medical evidence in the opening brief, as well as the

lack of complexity in the arguments raised). The Commissioner further notes that, even if one of the issues had been more complex, Counsel's block billing "foreclosed the possibility of determining what time was actually spent on any more complex issue." Dkt. 25 at 9.

The Court finds that the time Counsel claims they spent on the Opening Brief alone is manifestly unreasonable, particularly when a portion of that brief was undeveloped arguments and unreasonable summaries of medical evidence. *See supra* Part II.A.

**D.      Additional Arguments Raised in Plaintiff's Reply**

In the Reply, Plaintiff makes a number of arguments for why the Court "should reject" all of the Commissioner's arguments in support of a reduction of the fee award. Dkt. 26. The Court finds none of Plaintiff's arguments persuasive. *See supra*. While Mr. Yanich's time records make it impossible to pin-point specific sources of excessive time, *see* Dkt. 22-2, the Court may only award EAJA fees for attorney hours reasonably expended by a plaintiff's counsel. 28 U.S.C. § 2412(d)(2)(A). As set forth above, "excessive, redundant, or otherwise unnecessary" hours should be excluded. *Hensley*, 461 U.S. at 434. As the Court previously found, a significant portion of Plaintiff's Opening Brief was undeveloped argument or unnecessary summarization of medical evidence—a practice which is specifically prohibited by the Court's Scheduling Order. Despite being put on notice repeatedly by the Court to avoid this violation, Mr. Yanich has ignored the warnings once again.

Under these circumstances, the Court finds a **25 percent reduction** of the requested fee award is warranted.

**E.      Additional Fees for Reply Briefing are Unreasonable**

In the Response, the Commissioner also anticipated a request from Plaintiff for additional fees to compensate for Mr. Yanich's time spent replying to the Commissioner's opposition to

ORDER ON MOTION FOR ATTORNEY FEES AND EXPENSES - 7

this EAJA fee Motion. Dkt. 25 at 9–10. The Commissioner argues that, if the Commissioner's request for a reduction of Plaintiff's EAJA fees is granted to any degree, then fees for Plaintiff's Reply brief should be denied because "fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation." *Id*. at 9–10 (citing *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 n.10 (1990)). The Commissioner reasons that the government would have "little incentive to raise legitimate objections" to meritless fee requests if it was forced to pay additional fees for that effort. *Id*. at 10 (citing *Thompson v. Gomez*, 45 F.3d 1365, 1367–68 (9th Cir. 1995)).

Plaintiff's Reply brief filed in support of the Motion for EAJA fees was unpersuasive in rebutting the Commissioner's request to reduce the fee award. Dkt. 26; *see also* Dkt. 27. It would therefore be unjust to award additional fees for any time spent drafting it. *See Thompson*, 45 F.3d at 1367–68. Moreover, similar to the Court's reasoning in *Joseph L. S.C.*, 2024 WL 4469349, at *3, it is this Court's intent to encourage defendants, such as the Commissioner, to challenge problematic applications for statutory fee awards. As such, Plaintiff's request for an additional four hours' worth of compensation for drafting the Reply brief, *see* Dkt. 26 at 8; Dkt. 27 at 4, is **DENIED**. *See Jean*, 496 U.S. at 163 ("[A] district court will always retain substantial discretion in fixing the amount of an EAJA award.").

### III.    CONCLUSION

In sum, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion for EAJA attorney fees. Dkt. 22. The Court finds that a 25 percent reduction of Plaintiff's requested fee award to $8,185.80 is appropriate. Moreover, Plaintiff's request for compensation ($1,033.84) of the four hours Mr. Yanich spent drafting the Reply in support of the Motion, Dkt. 26, is **DENIED**. *See* Dkt. 27.

ORDER ON MOTION FOR ATTORNEY FEES AND EXPENSES - 8

Attorney fees of $8,185.80 and expenses of $9.65 under the EAJA are **AWARDED** to Plaintiff. If this award is not subject to offset under the Treasury Offset Program, as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010), payment of the award should be made to Plaintiff's attorney, Eitan Kassel Yanich, at the Law Office of Eitan Kassel Yanich, PLLC, 203 Fourth Avenue E, Suite 321, Olympia, Washington 98501. Any payment of the fee may also be made to Plaintiff's counsel by electronic funds transfer (EFT).

Dated this 25th day of March, 2026.

Grady J. Leupold
United States Magistrate Judge

ORDER ON MOTION FOR ATTORNEY FEES AND EXPENSES - 9